UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>               Plaintiff,<br>    v.<br><br>MULTICARE TACOMA GENERAL HOSPITAL,<br><br>               Defendants. | Case No. C22-5784 BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's filing of a civil rights complaint. Plaintiff is proceeding *pro se*. Dkt. 1. Considering the deficiencies in the complaint discussed below, the undersigned will not rule on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") or direct service of the complaint at this time. On or before November 23, 2022, plaintiff must show cause why this cause of action should not be dismissed.

## BACKGROUND

Plaintiff names MultiCare Tacoma General Hospital and Jane Doe, an employee of the hospital, as defendants in this case. Dkt. 1-1, at 7. He alleges that defendants violated his First, Fourth, Fifth, Eighth, Ninth and Thirteenth Amendment rights. *Id.* at 8.

ORDER TO SHOW CAUSE - 1

1  He also alleges that defendants defamed his character, breached a contract, and
2  discriminated against him on the basis of his age, disability, gender, and ableism. *Id.*
3      Plaintiff was admitted to MultiCare Tacoma General Hospital after fainting shortly
4  after ingesting prescribed medication. *Id.* At the hospital, he was "forced to urinate by
5  commands," which made him feel degraded and violated. *Id.* at 9. He was left with a
6  bruise on his arm after an IV was put in him and was told by unnamed employees to
7  ingest certain medications. *Id.* He alleges that those medications were "filled with
8  plastic" and chemicals. *Id.* Plaintiff claims that he did not receive proper medical
9  treatment. Plaintiff seeks $5 million from defendants in damages. *Id.* at 12.

## DISCUSSION

11     To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
12  suffered a violation of rights protected by the Constitution or created by federal statute,
13  and (2) the violation was proximately caused by a person acting under color of state
14  law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, to state a
15  valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of
16  the conduct of a particular defendant, and he must allege an affirmative link between
17  the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377
18  (1976).
19     Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a
20  complaint to include a short and plain statement of the claim showing that the pleader is
21  entitled to relief, in order to give the defendant fair notice of what the claim is and the
22  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)
23  (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than

ORDER TO SHOW CAUSE - 2

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

In the proposed complaint, plaintiff alleges unnamed employee, "Jane Doe", and MultiCare Tacoma Hospital violated his constitutional rights throughout his admission at the hospital. With respect to both defendants, generally private actors are not individuals who are acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991), and cannot be sued under Section 1983.

To determine whether there are circumstances that would allow the Court to find a private actor acted under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (discussing and determining a hospital and its employees were not state actors).

Plaintiff has not alleged facts that would show either defendant acted under color of state law. Thus, based on plaintiff's proposed complaint, plaintiff has not identified a proper defendant under Section 1983.

Further, even if plaintiff would be able to show that "Jane Doe" was acting under color of state law, the use of "John Doe" or "Jane Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may

ORDER TO SHOW CAUSE - 3

be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. If plaintiff chooses to file an amended complaint, he must provide the names of defendants identified as "John Doe" and "Jane Doe" in order for the Court to serve (and put on notice) the proper defendants

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. Accordingly, plaintiff is ordered, on or before **November 23, 2022**, to show cause as to why this Court should not recommend the complaint be dismissed without prejudice, or plaintiff may file a proposed amended complaint that rectifies the deficiencies. If plaintiff fails to timely respond to this Order to Show Cause, or fails to file a proposed amended complaint, the undersigned will recommend that plaintiff's IFP application be denied.

Dated this 1st day of November, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4